UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAUL JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1032** |
| **TIMOTHY HOOPER, WARDEN** | **SECTION L(3)** |

### ORDER & REASONS

Before the Court is Petitioner Saul Johnson's petition for a writ of habeus corpus. R. Doc. 3. The State of Louisiana opposes the Petition. R. Doc. 19. Petitioner replied. R. Doc. 21. The Honorable Eva J. Dossier, Magistrate Judge, issued a Report and Recommendations wherein she recommended denial of Petitioner's motion. R. Doc. 22. Petitioner objected. R. Doc. 23. Considering the record, the briefing, and the applicable law, the Court adopts the Report and Recommendations.

### I. BACKGROUND

The Court briefly summarizes the background facts. On May 2, 1985, a grand jury charged Mr. Johnson with the first-degree murders of two women, Sue Windham and Earline Nunn. He eventually plead guilty to the first-degree murder of Sue Windham and was sentenced to life imprisonment as to that crime. Mr. Johnson was tried twice for the murder of Earline Nunn, but both times his convictions were vacated and remanded on appeal. Finally on September 20, 1994, after a third trial, a jury convicted him of the second-degree murder of Earline Nunn. He appealed, but the Louisiana Fourth Circuit Court of Appeals affirmed his conviction. The Louisiana Supreme Court denied his writ application on October 17, 1997. Subsequently, Mr. Johnson brought an application for post-conviction relief in 2023. The Louisiana trial court denied the petition, and the Louisiana Fourth Circuit Court of Appeals and Louisiana Supreme Court both denied writs.

Thereafter, Mr. Johnson brought the instant motion for federal habeas relief pursuant to 28 U.S.C. § 2254. R. Doc. 3. He argues that his 1985 indictment is void because it was returned by an

improperly selected grand jury. R. Doc. 3-1 at 1. In support, he points to a 2003 Louisiana Supreme Court decision, *State v. Dilosa*, 2002-2222, p. 1 (La. 6/27/03), 848 So. 2d 546, 548. In *Dilosa*, the court struck down certain Louisiana laws which provided that grand juries and their forepersons would be selected through different procedures in Orleans Parish than in other Parishes. *Id.* at 551. The court observed that under the Louisiana Constitution, the Louisiana Legislature may not pass any "local" laws "[c]oncerning any . . . criminal actions, including . . . regulating the practice or jurisdiction of any court." *Id.* (quoting La. Const. art. III, § 12(A)(3)). It found that the laws in question were indeed impermissible "local" laws because they provided for different grand jury selection procedures in one Parish, Orleans, than in other parishes. *Id.* Accordingly, the court granted the Defendants' pre-trial requests to quash their indictments. *Id.*

Defendant argues that his indictment was returned in 1985, under the same impermissibly "local" Orleans-parish-specific rules on grand jury selection invalidated in *Dilosa*. R. Doc. 3-1 at 2. Thus, he argues that his indictment was "unconstitutional," and the district court where he was tried did not have "subject matter jurisdiction" over his case. *Id.* at 2-3. He avers that subject matter jurisdiction can be raised at any time, meaning that although his instant petition comes forty years after his indictment and twenty-two years after *Dilosa* was decided, his petition is still timely. *Id.*

Magistrate Judge Eva Dossier issued a Report and Recommendation concluding that Petitioner's claim must be denied as time-barred. R. Doc. 22. She explains that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for all habeus petitions. *Id.* at 6. This statute of limitations began to run from "the date on which the judgment became final," that is, January 15, 1998. *Id.* (quoting 28 U.S.C. § 2244(d)(1)(A)). *Id.* at 7. Accordingly, Petitioner's one-year limitations period expired on January 15, 1999. *Id.* Further, Judge Dossier explains that no basis exists for equitable tolling, and that Petitioner has not claimed actual innocence. *Id.* at 8-10. Thus, his instant § 2254 petition for habeus corpus relief is time-barred. *Id.*

2

Petitioner objected to the Report & Recommendation. R. Doc. 23. First, he argues that the AEDPA limitations period does not apply to his petition. *Id.* at 3. He notes that the AEDPA was enacted on April 24, 1996. *Id.* But, when he was "arrested, indicted, convicted and sentenced to life imprisonment in 1994, the AEDPA and its one-year statute of limitations did not exist." *Id.* He argues that the AEDPA therefore constitutes a new rule of criminal procedure and thus cannot be made retroactively applicable. *Id.*

Second, he argues that *McClesky v. Zant*, 499 U.S. 467 (1991), stands for the proposition that courts can excuse procedural defects in writ petitions if the petitioner can show (1) cause for the defect and (2) actual prejudice from the court's denial to hear the petition. *Id.* at 4. He argues that he has been prevented from filing his instant petition because "the state court would never provide him with the trial transcript." *Id.* Rather, he could only obtain a copy of the grand jury indictment. *Id.* at 5. Finally, he avers that his argument that his grand jury indictment was unconstitutional is not based entirely on *State v. Dilsoa*, although he does not identify any other basis for the argument. *Id.* at 6.

## II. DISCUSSION

The Court agrees with and adopts Judge Dossier's Report and Recommendation. She correctly explains that "the AEDPA statute of limitations applies to all habeas petitions filed after the Act's effective date, April 24, 1996" and that "courts have rejected the claim that subject matter jurisdiction claims provide an exemption to the AEDPA one year statute of limitations." R. Doc. 22.

Petitioner's objections to the Report and Recommendations are unavailing. His argument that application of the AEDPA limitations period to his petition is improperly retroactive must fail. First, application of the one-year statute of limitations is not truly "retroactive" at all. Although Petitioner was indeed tried and convicted in 1994, before the AEDPA was enacted, his conviction did not become final—and thus his limitations period did not begin to run—until January 15, 1998, more

3

than a year *after* the AEDPA was passed. Thus, the AEDPA did not impermissibly extinguish his rights.

Moreover, Courts have held that application of the one-year limitations period where the defendant was convicted before the AEDPA was enacted is not an impermissible *ex post facto* law. *See Davila v. Johnson*, 3-01-CV-1065-R, 2001 WL 1295491, at *3 (N.D. Tex. Oct. 5, 2001) (rejecting the petitioner's argument that "the AEDPA's limitation period is an ex post facto law that should not apply to state convictions that predate the effective date of the AEDPA."). Rather, courts have held that those convicted prior to the enactment of the AEDPA would be given a one-year grace period—that is, from April 24, 1996 through April 24, 1997—during which to file any habeas petitions that would otherwise have been extinguished by the AEDPA. *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998) ("Petitioners attacking convictions or sentences which became final prior to the AEDPA's effective date will be accorded the one-year post-AEDPA period, commencing on the Act's effective date, within which to file."). Overall, the fact that Mr. Johnson was convicted before the AEDPA was enacted has no bearing on the fact that its one-year limitations period applies to his petition. Thus, the Court agrees with the Report and Recommendation in finding that Petitioner's suit is time-barred.

Next, Petitioner argues that he has been prevented from filing the instant petition because "the state court would never provide him with a trial transcript." R. Doc. at 4. Notably, Petitioner raises this issue for the first time in an objection to the Report and Recommendation. Further, this allegation comes more than thirty years after his trial took place. Moreover, the state court's alleged failure to provide a trial transcript simply has no bearing on Mr. Johnson's ability to file the instant petition. His underlying argument is that the composition of his grand jury was not permissible under the Louisiana Constitution because the procedural laws regulating the selection of the grand jury were improperly "local." He raises no argument challenging anything that occurred during his trial.

4

And, Mr. Johnson admits that he "has been able to get" a "copy of the unconstitutional grand jury indictment." R. Doc. at 5. Thus, the Court cannot excuse Mr. Johnson's decades-long delay in filing the instant petition on the basis of his alleged inability to obtain a trial transcript.

Finally, the Court observes that even if it could somehow resolve the time-barring issues in this case, the merits of Petitioner's suit are unavailing. Petitioner claims in his objections to the Report and Recommendation that *Dilsoa* is not the only basis for his argument that his grand jury indictment was unconstitutional. However, the Court has reviewed the Petition and cannot locate any other basis for his argument. And, Courts have already rejected the argument that *Dilosa* provides a basis for relief on a § 2254 Petition for federal habeus relief. This Court has previously explained:

> In *Dilosa*, supra, the Louisiana Supreme Court determined that La. C. Cr. P. art. 413(C), which set forth the process for selection of grand juries in Orleans Parish at the time an Orleans Parish grand jury indicted petitioner, failed to provide the procedural protections required by the Louisiana Constitution. *Id.* at 546. Federal habeas corpus relief, however, may be granted only when a petitioner has suffered a violation of his or her rights under the United States Constitution. 28 U.S.C. § 2254; *Engle v. Isaac*, 456 U.S. 107, 119 (1982). Because the constitutional rights addressed in *Dilosa* were state constitutional rights, federal habeas corpus relief is not available to petitioner. *Davis v. Jones*, 2006 WL 1540114 at *2 n. 11 (E.D. La. 2006). As Magistrate Judge Chasez noted in her Report and Recommendation issued in *Varnado v. Cain*, Civil Action 02–1286 c/w 03–753 and 03–754, 2004 WL 2984804 (E.D. La. 2004), "*Dilosa* affords [petitioner] no solace because it is axiomatic that federal habeas relief may be granted only to remedy violations of the Constitution and laws of the United States; mere violations of state law will not suffice."

*Moore v. Jones*, No. CIVA07-0972 N6, 2010 WL 1049584, at *5 (E.D. La. Mar. 2, 2010), report and recommendation adopted, No. CIV.A. 07-0972, 2010 WL 1170116 (E.D. La. Mar. 17, 2010). Thus, even if the Court could resolve the time-barring impediment to Petitioner's claim, it would be unable to grant the relief he seeks.

Finally, the Court observes that even if it could somehow grant relief as to Petitioner's conviction for the murder of Earline Nunn, Petitioner also plead guilty to the first-degree murder of Sue Windham and is serving a life sentence as to that crime. Petitioner cites no authority for the proposition that the alleged error in the composition of his grand jury could serve as a basis for

throwing out his guilty plea. He offers no argument that his guilty plea was not knowing, nor does he claim that he was in fact innocent of the crime to which he plead. Thus, even if the Court could overcome the multitude of issues barring Petitioner's request, it would be unable to grant the relief Petitioner seeks.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's § 2254 petition for a writ of habeus corpus, R. Doc. 3, is **DENIED** with prejudice.

New Orleans, Louisiana on this 14th day of February, 2025.

                                               _____
                                               Eldon E. Fallon
                                               U.S. District Court Judge